Makly, J.
Upon the case agreed, this- Court is of-opinion with the plaintiff. The controversy arises upen the construction of the following paragraph in the will of Henry Buchanan: • .
*90 “ 5 th item. I give and devise to Alexander Riley on» tract of land on which I now live, known as the. Dickson tract of land, for him and bis mother and the rest of the children to live on, Until the youngest become of age ; al-, so, a negro boy named Alfred, &c.”
The question is, whether Alexander Riley take* a fee «imple in* the land, or a term, to last only through the minority ef the youngest child. There is a general residuary paragraph in the following words :
“ 1th item. I give and bequeath to my son, Richmond, all the remaining part of my property, or all my property net otherwise disposed of; and should Richmond die” &c. The legatee, Richmond, herein named, who is the defendant in ‘this suit, claims the remainder in the land after the arrival at age (21) of the youngest child, which event has happened.
The language of the paragraph and the silence of the will-in all its parts as to any remainder in land, lead to the conclusion that it was testator’s -intention to give the entire legal estate- to Alexander Riley*.
“ I gire and devise to Alexander Riley one tract of land,” is not the language which a testator usually employs, when carving out a particular estate in land. “ I lend” or “ I give until,” would he -more obvious and natural. •
There is so allusion in any part of the will to a supposed remainder in this important portion of his estate; and there is nothing in the residuary item to induce a belief .that it was then, in any way,, present to his mind. Our duty, therefore, is plainly indicated by the rule- of construction laid down in the statute law, Revised Code, ch. 119, sec. 26, which is in these, words: “ when real estate shall be devised to any person, the' same shall be *91 held and construed to be a devise in fee simple, - unles* • sueh devise shall, in plain-and express words, show, or it shall be plainly intended by the will, nr some part thereof, that the testator intended to convey an estate- of les#-dignity.”
The gift, by virtue of this declared will of the Legislature, must then be held to be 'a gift in fee simple, for there is nothing in the will to qualify or limit it. * Th« words annexed to the gift, “for him and his mother and the rest of the children to live on until the youngest, becomes. of age,” seem to be an inartificial way of creating a trust for a limited term, and may well be- interpreted in that sense. Indeed, we eannot suppose that it was the intention of the testator, in so obscure a way, te qualify his.former words of bequest, and to limit an estate for a term of years only.
.There must be a .judgment affirming that below, via: that the plaintiff recover his term,' &c.